IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANNON GOLAT,

                              Plaintiff,

            v.                                              OPINION and ORDER

WISCONSIN STATE COURT SYSTEM, *et al.*,                     23-cv-719-jdp

                              Defendants.

---

Plaintiff Shannon Golat alleges that she was fired from her job as a court reporter based on her gender and in retaliation for her complaints of alleged sexual harassment and a hostile work environment. To support her retaliation claims, plaintiff seeks to depose Assistant Attorney General (AAG) Jeff Simcox, who in February 2021 responded to plaintiff's former counsel's questions about a written reprimand plaintiff had received. Defendants seek to quash the subpoena for the deposition and argue that the information plaintiff seeks from AAG Simcox is privileged, available from other sources, or too removed from the issues to be proportional to the needs of the case. Alternatively, they seek a protective order that would limit the deposition's scope.

The parties were unable to resolve their dispute after meeting and conferring as directed by the court, and present their positions in a joint motion. Dkt. 64. For the following reasons, defendants' motion to quash the subpoena is GRANTED with the caveat that plaintiff may renew her subpoena if, after exhausting other less burdensome sources, there remains relevant, non-privileged information that AAG Simcox can provide.

RELEVANT BACKGROUND

Plaintiff worked as a court reporter in Rusk County for the Wisconsin State Court System from 2006 until her termination in 2022.  In November 2018, plaintiff injured her elbow at work.  She had multiple surgeries and went on FMLA leave twice as a result.  In January 2021, after returning to work from her second FLMA leave, plaintiff received a written reprimand from her supervising judge citing irregularities in an expense report plaintiff had submitted to reimburse travelling expenses.  Plaintiff alleges that she received this written reprimand in retaliation for her complaints about her supervising judge's alleged behavior.  Dkt. 16, ¶¶ 108–109.

Plaintiff hired Attorney Jeff Scott Olson, who introduced himself in an email to Human Resources Officer Melissa Bohse on November 9, 2020.  Attorney Olson explained that he was advising plaintiff "on her situation" as she returned to work.  Dkt. 66-7 at 1.  Bohse responded that the Wisconsin Court Systems (WCS) would also retain counsel and asked Attorney Olson what legal action plaintiff was taking against WCS.  Bohse also asked plaintiff to resubmit her restrictions so that Bohse could create a schedule that would accommodate plaintiff's and her supervising judge's needs.  Attorney Olson asked in reply what documentation plaintiff needed to be excused for future medical appointments, and added that plaintiff had not "commenced any legal action" nor did she know that she would.  *Id.* at 3.  Still, WCS reached out on November 17, 2020 to consult with the Wisconsin Department of Justice (DOJ) about plaintiff's return to work.  Two AAGs, including AAG Simcox, were assigned to the WCS consultation request.

On February 2, 2021, Attorney Olson sent a letter to the two AAGs about the written reprimand.  Attorney Olson asked whether there was a missing first page, who created the

document, and if there was a procedure to appeal from the reprimand.  He also explained plaintiff's defense to the reprimand.  Dkt. 66-1 at 2–4.  The next day, AAG Simcox responded to Attorney Olson in an email stating that plaintiff's supervisor judge had requested the audit of the expense report because plaintiff submitted it late, District Court Administrator Christopher Channing performed the audit, and no pages were missing.  AAG Simcox further clarified that WCS could indicate on the reprimand whether plaintiff refused to sign it, and there was no avenue to appeal the reprimand per Section 2.2 of the WCS Employee Manual.  Attorney Olson thanked AAG Simcox for the "prompt and complete response," and did not ask for any additional clarification or information.  Dkt. 66-2 at 5.

Plaintiff filed a Charge of Discrimination with the EEOC in January 2022 and commenced this lawsuit in October 2023.  Plaintiff had retained new counsel, who noticed the deposition of AAG Simcox for October 25, 2024.  Dkt. 44.  Defendants moved to quash, arguing that plaintiff sought privileged communications between AAG Simcox and WCS.  The court denied defendants' motion without prejudice but stayed the deposition and ordered the parties to meet and confer.  To facilitate this, the court ordered plaintiff to provide defendants with a list of specific topics, questions, and documents that plaintiff intended to use at the deposition.  Plaintiff sent defense counsel her initial list of "lines of questioning" on October 29, 2024.  Dkt. 66-3 at 2–11.

Starting from plaintiff's initial list, the parties created a chart of proposed topics for the deposition that includes defendants' and AAG Simcox's objections.  Dkt. 66-6.  Per this chart, plaintiff proposes questioning AAG Simcox about how he investigated Attorney Olson's questions about the reprimand and arrived at his response.  *See id.*, ¶ 4.  Specifically, plaintiff would ask AAG Simcox who he spoke to, what materials he reviewed, and what documents he

received and referenced in his response.  Plaintiff also would ask about the basis for the reprimand, DOJ's representation of agency clients generally, AAG Simcox's representation of WCS as related to plaintiff, and AAG Simcox's role in the production of documents in response to plaintiff's subpoena.

Plaintiff also notes in the chart that she may supplement the specified topics with additional topics from her initial list.  This list includes questions about the reprimand itself, including who wrote it and who asked for the audit of the expense report, alleged irregularities within the reprimand, whether termination is a typical consequence of deficiencies in an expense report, and whether she was "singled out."  Dkt. 66-3 at 6.  Plaintiff also includes questions about the documents produced by the DOJ, an administrative bulletin and travel guide for court system employees, and WCS's employment handbook and training, and its policies on reprimands.

Defendants and AAG Simcox do not object to plaintiff's proposed deposition topics that concern factual discovery related to AAG Simcox's dates of employment, titles and general job duties, and that identify individuals AAG Simcox spoke to regarding the reprimand or that identify and authenticate documents.  They do object to the rest of plaintiff's proposed topics as not proportional to the needs of the case, or as probing the content of communications subject to attorney-client privilege or work-product protections.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

ANALYSIS

The parties, unable to resolve defendants' and AAG Simcox's objections, again seek court intervention.[1]  Defendants renew their motion to quash the subpoena while plaintiff presses for an "unfettered" deposition, arguing that no privilege applies and that AAG Simcox can provide highly relevant information.  Dkt. 22 at 16.  District courts have the discretion to grant, deny, or modify a motion to quash a subpoena. *Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008).

## A.  Work product and attorney-client privilege

The parties dispute whether any of plaintiff's proposed inquiries seek information protected by work product or attorney-client privilege.  The court may quash a subpoena that requires the disclosure of privileged or other protected matter.  Fed. R. Civ. P. 45(d)(3)(A)(iii).

---

[1] The court denied defendants' first motion to quash AAG Simcox's deposition without prejudice because the privilege objections were not sufficiently particularized.  Dkt. 61.  The court instructed the parties to meet and confer, and file a joint motion stating their positions and addressing the applicability of *Loendorf v. PeopleConnect, Inc.*, 2022 WL 2867174 (N.D. Ill. July 21, 2022) to this case if any dispute remained.  *Loendorf* applied the factors announced in *Shelton v. American Motors Corporation*, 805 F.2d 1323, 1327 (8th Cir. 1986) to determine whether a party could depose opposing counsel.  As the parties note, the cases that rely on *Shelton* are limited to depositions of counsel who play a role in trial preparation.  *See Shelton*, 805 F.2d at 1327.  The *Shelton* factors are not directly applicable here—AAG Simcox is now the Unit Director for the AAGs assigned as defense counsel in this case and will have at most an indirect role in any trial preparation.

The burden of establishing a privilege or protection rests on the party invoking it. *United States v. Nobles*, 422 U.S. 225, 237–38 (1975).

The attorney-client privilege protects communications with an attorney that were 1) made for the purpose of obtaining or providing legal advice and 2) intended to be and were kept confidential. *See Sandra T.E. v. S. Berwyn Sch. Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010). The privilege protects only communications and not the facts contained in the communications. *United States v. Nat'l Ass'n of Realtors*, 242 F.R.D. 491, 494 (N.D. Ill. 2007) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 395–96).

The work product rule is intended to protect an attorney's thought process and mental impressions and extends only to documents that were created in anticipation of litigation. *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118–19 (7th Cir. 1983); *see also* Fed. R. Civ. P. 26(b)(3)(A) (prohibiting discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.") "[A] remote prospect of future litigation is not sufficient to invoke the work product doctrine." *In re Special September 1978 Grand Jury (II)*, 640 F.2d 49, 65 (7th Cir. 1980). The Seventh Circuit has further elaborated that the standard requires distinguishing between materials prepared in the ordinary course of business "as a precaution for the remote aspect of litigation" and those prepared "because some articulable claim, *likely* to lead to litigation ... ha[s] arisen." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 977 (7th Cir. 1996) (emphasis in original).

AAG Simcox conducted his investigation, reviewed materials, determined the relevant facts and information, and crafted his email response in the course of consulting with WCS as an attorney. Plaintiff had not yet filed a lawsuit, and was not yet certain she would. But as this court has explained, the attorney-client privilege applies to "the broader attorney-client

relationship outside the litigation context." *Fiskars Finland Oy Ab v. Woodland Tools Inc.*, No. 22-cv-540-jdp, 2024 WL 3841603, at *3 (W.D. Wis. Aug. 16, 2024).  AAG Simcox's client communications related to his investigation into the written reprimand fall within attorney-client privilege.  So, plaintiff's lines of inquiry that touch on information beyond the factual information contained in the emails between Attorney Olson and AAG Simcox and other basic fact discovery raise attorney-client privilege concerns.

Plaintiff's proposed questions about the materials AAG Simcox reviewed and documents "related to and leading up to the reprimand," Dkt. 66-6 at 3, and about his "methodology for arriving at" his conclusions, Dkt. 64 at 6, likewise raise work product concerns.  Plaintiff argues work product protects attach only when there is an "articulable claim" likely to lead to litigation.  *See Binks Mfg. Co.,* 709 F.2d at 1119 (to invoke the work product privilege, a party must show that a document was prepared because of the prospect of litigation or that "some articulable claim, likely to lead to litigation" had arisen).  While Attorney Olson's letter does not state an intention to sue or demanded any compensation, *see id.* at 1120, the fact that plaintiff had hired an attorney to investigate the reprimand she had received and did not disavow the possibility of a lawsuit are facts that make litigation more than a remote possibility.  *See* Dkt. 66-7 at 3 (stating that "we do not know that we will" file a lawsuit in response to a question about possible legal action).  Nor can AAG Sincox's investigation be said to have been done in the ordinary course of business when it was prompted by plaintiff's former attorney.  To the extent plaintiff would touch on information about AAG Simcox's mental impressions of the materials he consulted, his "methodology," and his thought process, and the court cannot be certain precisely what questions plaintiff would ask, such inquiries would likely run afoul of the work product privilege.

**B.  Proportionality**

In light of these concerns, the court could issue a protective order limiting plaintiff to proposed lines of inquiry concerning nonprivileged fact discovery and allow the deposition to proceed.   After all, defendants produced related documents in response to a document subpoena and do not object to proposed deposition topics concerning factual discovery.   For example, defendants and AAG Simcox do not object to questions identifying the people AAG Simcox spoke to during his investigation, questions of identification and authentication of the materials he reviewed and attached to his email response, questions related to his employment at DOJ, and questions about when his consultation with WCS began and ended.   *See* Dkt. 66-6.

Discovery concerning the reprimand is obviously relevant to plaintiff's retaliation claim.   AAG Simcox may be able to provide additional context, but discovery requests must be proportionate to the needs of a case and plaintiff has an obligation to pursue the least burdensome avenues to obtain relevant information.   *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (a court must limit the extent or frequency of discovery if the discovery sought can be obtained from a more convenient, less burdensome, or less expensive source).   When the privileged topics are stripped away, plaintiff's remaining lines of inquiry for AAG Simcox are either of dubious relevance or better first pursued via sources other than a non-party deposition.

Two of these remaining lines of inquiry—generic questions about how DOJ represents agency clients and the steps AAG Simcox took to respond to a documents subpoena issued to DOJ—do not appear to be relevant to plaintiff's claims of workplace discrimination and retaliation.   And there is no basis for believing that AAG Simcox or anyone at DOJ failed to look for responsive information in good faith.   *See Bernard v. Individual Members of Indiana Med.*

*Licensing Bd.*, No. 119CV01660, 2021 WL 5754845, at *3 (S.D. Ind. Dec. 3, 2021) (without evidence of discovery failure, a nonparty hospital was not required to sit for a deposition and answer questions about the veracity of its written discovery responses and scope of its search process). Even when plaintiff raised a concern regarding a potentially missing document, DOJ renewed its search and produced it.

As for plaintiff's proposed topics concerning factual discovery, she has not established that it is necessary to depose AAG Simcox to obtain this information in light of his limited role in this case. The court may quash a subpoena if there is an easier way for the requesting party to obtain the information and thus avoid subjecting a witness to undue burden. Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiff can obtain information regarding the reprimand, including the investigation of her expense report and its consequences, through party discovery including document requests, interrogatories, requests for admission, and party depositions.

Plaintiff argues that deposing AAG Simcox first will allow her to bring his responses to bear at later depositions, but the court is not convinced this sequence makes much sense or is sufficient reason to not first exhaust party discovery. AAG Simcox spent no more than one workday gathering information about the reprimand and prepared a short email response. Plaintiff asserts that AAG Simcox is in a "unique" position, Dkt. 64 at 15, because he responded to questions about the reprimand and explained WCS's reasons for not allowing plaintiff to appeal. But AAG Simcox was not involved in issuing the reprimand or its consequences, so party discovery is a more direct and likely more fruitful source of information. And the rationale he provided about no appellate options was really just a cite to the employee manual. Dkt. 66-2 at 2.

In the same vein, documents can be authenticated via means other than deposing AAG Simcox, and plaintiff can confirm factual details such as who AAG Simcox spoke with and what documents he reviewed through written discovery.   Requiring AAG Simcox to sit for a deposition for such a limited purpose is not proportional to the needs of this case or respectful of the limits Rule 45 imposes on subpoenas to nonparties.

That said, this opinion should not be construed as prohibiting plaintiff from ever deposing AAG Simcox.   Rather, plaintiff must exhaust other means of discovery first before revisiting her request to depose AAG Simcox.   If plaintiff ultimately decides to renew her deposition subpoena, she must keep in mind the concerns discussed above and be prepared to explain what specific remaining inquiries can be explored only with AAG Simcox at a deposition.   For now, defendants' motion to quash is GRANTED.

ORDER

IT IS ORDERED that defendants' motion to quash plaintiff's subpoena of AAG Jeff Simcox's deposition, Dkt. 64, is GRANTED.

Entered December 19, 2024.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

10