IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANNON GOLAT,

                Plaintiff,

v.

WISCONSIN STATE COURT SYSTEM, *et al.*,

                Defendants.

OPINION and ORDER

23-cv-719-jdp

---

    Plaintiff Shannon Golat alleges that she was fired from her job as a court reporter based on her gender and in retaliation for her complaints of alleged sexual harassment and a hostile work environment. This order addresses plaintiff's motion to compel production of documents listed on defendants' privilege log, Dkt. 167, contending that the log is deficient, that documents were wrongfully withheld, and that defendants refused to confer about these issues. Defendants responded to the motion with correspondence showing they had attended to plaintiff's complaints promptly and were in the process of addressing them when the motion was filed. Plaintiff concedes in reply that the parties have now resolved many of the originally-briefed disputes, but still asks that the court conduct an *in camera* review of 17 documents.[1] Dkt. 175 at 1.. I will deny the motion without prejudice for the following reasons, including lack of ripeness. Also, because I have concerns with the completeness of the materials that plaintiff submitted in support of her motion, I am ordering plaintiff to show cause on that issue.

---

[1] Although plaintiff filed her reply without leave of court, the court has considered it. *See* Dkt. 31 at 4 (replies in support of discovery-related motions "may not be filed unless requested by the court").

ANALYSIS

A.  **The meet and confer requirement**

As a threshold matter, plaintiff claims that defendants "refuse[d] to confer" about the alleged deficiencies in their privilege log. Dkt. 168 at 1. Rule 37(a)(1) requires all litigants seeking to compel discovery to certify that the movant has conferred in good faith with the party from whom they seek discovery. Fed. R. Civ. P. 37(a)(1). This requirement is not a meaningless formality. Premature motions to compel discovery are likely to fail and thus waste the court's and parties' time. Satisfying the rule does not require multiple attempts to resolve disputes, let alone exhaustive effort. *Lacy v. Anderson*, No. 20-cv-1014-jdp, 2022 WL 19247, at *1 (W.D. Wis. Jan. 3, 2022). But parties must work in good faith to timely raise and resolve issues without court intervention. *Hopp v. MJC Am., Ltd.*, No. 23-CV-325-JDP, 2025 WL 1492890, at *1 (W.D. Wis. Feb. 18, 2025). Part of working in good faith means giving the opposing side a reasonable time to consider and address complaints. How much time depends on the context of the case and the complaints.

The record shows that plaintiff did not satisfy these requirements. Rather, the parties' correspondence indicates that plaintiff raised broad concerns with defendants' privilege log, agreed to a plan, changed positions, and then filed the instant motion—all within a week. Plaintiff's counsel first emailed defendants' counsel about the alleged deficiencies in their privilege log on Wednesday, July 23, 2025. Dkt. 169-1 at 4. This email raised some generic concerns, including that "several emails that are not *from* counsel are labeled as privileged" and "several attachments" had no description. *Id.* (emphasis in original). Plaintiff's counsel requested to meet and confer that Friday. Defendants' counsel was out of the office when this

2

initial email was sent but had her office account set to provide notification of her status. Dkt. 173, ¶ 16.

Plaintiff's counsel followed up with another email on the morning of Friday, July 25, 2025, and attached a copy of defendants' privilege log with highlighted entries that plaintiff took "issue with." Dkt. 169-1 at 3. Plaintiff's counsel "demand[ed] supplementation or a[n] over-the-phone discovery conference . . . ASAP." *Id.* Defendants' counsel responded about three hours later, noting that the timing of the request was "quite late given that discovery closes in a week" and that the log had been produced nine months ago. Dkt. 169-1 at 1. Still, defendants' counsel sought clarification as to what the bases of plaintiff's challenges were and offered an explanation as to why some of the withheld documents appeared duplicative. Defendants' counsel did not refuse to meet and confer, but did express concern with timing, stating:

> I also want to be upfront about the fact that our team has limited availability next week due to other deadlines or planned vacations. Please be aware that although we will do our best to get you a response in the next week, we have limited resources.

*Id.* at 2.

Plaintiff's counsel responded that same afternoon and did not raise any concerns with this timeline or the proposed plan. Rather, he explained what the different colors he used to mark up the privilege log meant, acknowledged the explanation about the duplicative documents, and appeared to accept defendants' counsel's proposed plan. Dkt. 173-1 at 1.

On Monday, July 28, 2025, plaintiff's counsel again reached out to defendants' counsel to schedule a conference and asked when defendants' counsel would be available that week. Dkt. 169-1 at 1. Plaintiff then filed her motion to compel two days later, on Wednesday, July 30, 2025.

3

The parties' correspondence shows that defendants' counsel acknowledged and made reasonable, timely attempts to respond to plaintiff's concerns about the privilege log. Defendants' counsel stated that she and her staff had limited availability but would nevertheless endeavor to respond the following week. Even though plaintiff's counsel appeared to accept that timeline, and acknowledged the explanation regarding duplicative documents, plaintiff filed her motion to compel within days. Although defendants' counsel did not immediately respond to plaintiff's counsel's July 28 follow-up request regarding availability, that is reasonable in light of the fact that the parties appeared to have agreed on an approach to resolving the dispute and the proposed timeframe to remedy the concerns had not yet elapsed.

On this record, Rule 37(a)(1)'s requirements were not met, which is an independent reason to deny plaintiff's motion.

## B.  Plaintiff's motion is not prompt nor ripe

Plaintiff's motion is also subject to denial because it is neither prompt nor ripe. Although these are typically contradictory concepts, they are not in this case.

The motion is not prompt because it was filed about nine months after the privilege log at-issue was served. Discovery closed on August 1, 2025. Dkt. 31 at 3. Plaintiff filed her motion to compel just two days before, on July 30. Dkt. 167. Applying the standard seven-day response period, defendants' response was due five days *after* the close of discovery. While this tight timing may be unavoidable in some cases, there is no indication it was unavoidable here. The court warned the parties at the beginning of the case that this court "expects the parties to file discovery motions promptly if self-help fails." Dkt. 31 at 4. Plaintiff did not meet this expectation.

4

The motion is not ripe because defendants' counsel is actively working on resolving the issues raised. On August 6, 2025, defendants' counsel sent plaintiff 188 documents that had incorrectly been marked as privileged, and intends to produce more. *See* Dkt. 173-2 (August 6, 2025 email indicating the production of 188 documents) & Dkt. 173, ¶¶ 35–37 (explaining that there are about 65 remaining documents to review). And plaintiff now acknowledges in reply that defendants have provided a supplemental privilege log and production that has resolved "many of the outstanding issues." Dkt. 175 at 1.

This point relates both to the lack of a good-faith effort to meet and confer and to the late timing of the motion. Parties must allow a reasonable amount of time for the other side to address alleged discovery deficiencies. Waiting until the last week of discovery to challenge a privilege log disclosed months before, demanding immediate attention, and then rushing to court for an order is a recipe for a half-baked motion to compel unlikely to succeed. That appears to be what happened here. Had plaintiff's counsel allowed the meet-and-confer process to play out, this motion likely would have been avoided given that defendants have since produced a supplemental log and production.

**C. Request for in-camera review**

In reply, plaintiff requests in-camera review of 17 documents, arguing that it is "unclear" if they contain legal advice. Dkt. 175 at 2. Plaintiff also notes that defendants' counsel "has suggested that they are prepared to hand over documents to this Court for in-camera review." *Id.* at 1. This likely references defendants' counsel's declaration, in which she states that she is prepared to submit documents to the Court for in-camera review if plaintiff's counsel has any remaining questions after the supplemental production is complete. Dkt. 173, ¶ 37.

5

This Court has broad discretion over discovery matters and may review documents in camera to decide whether certain communications are covered by attorney-client privilege. *See United States v. Zolin*, 491 U.S. 554, 572 (1989) (holding in the crime-fraud context that, after a threshold showing, "in camera review rests in the sound discretion of the district court"); *Allegheny Ludlum Corp. v. Nippon Steel Corp.*, 1990 WL 9837, at *1-*2 (E.D. Pa. Feb. 1, 1990) (rejecting argument that it is "fundamentally unfair" to permit in camera submission of evidence to sustain privilege when that evidence also contains privileged information and conducting in camera review under court's broad authority over discovery matters).

The court will not yet exercise that discretion. It does not appear that the parties have had an opportunity to meet and confer about these remaining disputed documents. Also, the schedule in this case has been struck, Dkt. 174, so there are no looming deadlines. The court will deny plaintiff's motion to compel without prejudice to its renewal if, after further opportunity to meet and confer, any disputes over the privilege log remain.

### D. Plaintiff's counsel's presentation of the parties' correspondence

The court will end with a note on plaintiff's presentation of the parties' correspondence leading up to the motion to compel. In particular, plaintiff asserted that "Defendants refuse to confer." Dkt. 168 at 2. But that statement is contradicted by the parties' correspondence summarized above showing the parties exchanged back-and-forth emails about the privilege log in the days before the motion was filed. While defendants' counsel expressed concern about the timing of plaintiff's demands, there was never any refusal to confer.

Also, the materials that plaintiff's counsel provided in support of the motion to compel were not complete. The email chain that plaintiff's counsel provided jumps from defendants' counsel's Friday afternoon email to plaintiff's counsel's Monday morning email. It omits

plaintiff's counsel's intervening email sent later on Friday afternoon. *Compare* Dkt. 169-1 at 1 *with* Dkt. 173-1 at 1. This is an important email because it shows the parties were communicating about the privilege log and had reached an understanding on approach and timeframe. It is difficult to understand why it was not included in the materials supporting plaintiff's motion when the email immediately before and the email immediately after were.

Parties and their counsel have a duty of candor to the court, which requires a complete and accurate recounting of the facts relevant to the issue at hand. Perhaps there is a reasonable explanation for the omission of the Friday afternoon email from plaintiff's counsel. To that end, the court will allow plaintiff the opportunity to show cause on this issue. The court will reserve on shifting costs or imposing other sanctions to weigh plaintiff's explanation.

### ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel, Dkt. 167, is DENIED without prejudice to its renewal if the parties are unable to resolve their remaining issues after an additional effort to meet and confer by September 2, 2025.

2. Plaintiff must show cause in writing by September 2, 2025, to explain the failure to provide complete and accurate materials relevant to the motion to compel and why this failure should not result in sanctions.

Entered August 18, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge