IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHANNON GOLAT,

                                    Plaintiff,                          OPINION and ORDER

    v.

                                                                              23-cv-719-jdp

WISCONSIN STATE COURT SYSTEM, *et al.*,

                                    Defendants.

---

I previously issued an order denying without prejudice plaintiff Shannon Golat's motion to compel production of documents listed on defendants' privilege log. Dkt. 177. Plaintiff based her motion in part on defendants' alleged refusal to meet and confer, and plaintiff's counsel attested that he had attached "a true and correct copy of an email thread" between him and opposing counsel regarding the discovery dispute. Dkt. 169, ¶ 2. But the copy counsel attached was not true and correct because it omitted an email from the thread. The omitted email showed "the parties were communicating about the privilege log and had reached an understanding on approach and timeframe." Dkt. 177 at 7. Because I had concerns with the materials that plaintiff submitted in support of her motion, I ordered plaintiff to show cause on that issue.

Having reviewed plaintiff's counsel's response, I will discharge my show cause order, and I will allow defendants an opportunity to seek "reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B).

ANALYSIS

**A.  Response to the show cause order**

Plaintiff's counsel reports that he omitted the email from the thread, not through any neglect, but because he thought it was "cumulative and not materially different from the communications that were provided." Dkt. 178 at 1.  Counsel further explains that he did not think the email was "material to the narrative" because he did not receive a reply from defendants' counsel.  *Id.* at 2.

To be clear, the omitted email was not the final email in the chain, nor the first.  Relevant here, plaintiff's counsel sent defendants' counsel an email about his concerns with the privilege log on the morning of Friday, July 25, 2025.  Defendants' counsel responded three hours later, seeking to clarify plaintiff's challenges and noting that the team would try to send a response the following week despite limited availability and resources.  Plaintiff's counsel responded that same afternoon in the later-omitted email without raising any concerns with the proposed timeline or plan.  Plaintiff's counsel then followed up with a another email on Monday, July 28, 2025, asking for defendants' counsel's availability that week.

The omitted email was not "cumulative."  Rather, the July 25 afternoon email exchange shows that defendants' counsel was attempting to resolve the dispute and plaintiff's counsel had no objection to the proposal, undercutting any argument that defendants' counsel had outright refused to meet and confer.  The July 28 email reiterated the request to meet and confer, but that demand didn't un-do what the parties had discussed days before.  It appears plaintiff's counsel selected the emails that bolstered the motion to compel, while leaving out the less-favorable portion.  This is problematic, and plaintiff's counsel's protests to the contrary are unpersuasive.

2

Counsel have a duty of candor to the court. *Cleveland Hair Clinic, Inc. v. Puig*, 200 F.3d 1063, 1067 (7th Cir. 2000), *decision supplemented* (Feb. 4, 2000). In the context of discovery disputes, this means that counsel must provide the court with a complete and accurate recounting of the parties' correspondence relating to the dispute. It is the court's role, not counsel's role, to decide what portions of the correspondence matter. Going forward, plaintiff's counsel must take better care to adhere to these points.

## B. Fee shifting

The loser of a motion to compel under Federal Rule of Civil Procedure 37(a) must presumptively pay the other side's expenses, including attorney fees, absent a showing of substantial justification. *See Rickels v. City of S. Bend*, 33 F.3d 785, 786 (7th Cir. 1994). This fee-shifting presumption encourages parties to work hard on resolving discovery disputes amongst themselves and to reserve motion practice for only those disputes that are ripe for the court's consideration. *Id.* at 786-87. Having denied plaintiff's motion to compel, in part because it was brought prematurely, I will, "after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed R. Civ. P. 37(a)(5)(B).

ORDER

IT IS ORDERED that:

1.  The court's August 18, 2025 show cause order, Dkt. 177, is DISCHARGED.

2.  Defendants may submit any request for reasonable expenses incurred in opposing plaintiff's motion to compel by September 10, 2025.  Plaintiff may respond no later than 14 days thereafter, and defendants may reply within 7 days thereafter.


Entered August 27, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

4